IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MICHAEL JAMES VIDETICH, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:21-CV-267-Z-BR |
| § | |
| DIRECTOR, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
## **TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner filed a Petition for a Writ of Habeas Corpus challenging a prison disciplinary proceeding. (ECF 3). Petitioner is currently incarcerated at the Robertson Unit in Jones County, Texas pursuant to a Tarrant County conviction for aggravated sexual assault of a child.[1] *State v. Videtich*, No. 88391-J.

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484–87 (1995). In Texas, only sanctions resulting in the loss of good-time credits for inmates who are eligible for release to mandatory supervision create a protected liberty interest in early release from prison. *See Teague v. Quarterman*, 482 F.3d 769, 776–77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000) (holding inmates eligible for release to mandatory supervision have a protected liberty interest in the loss of earned good-time credits). Thus, a petitioner filing an application for a writ

---

[1] Petitioner was also convicted of harassment by person in correctional facility on February 11, 2016. *State v. Videtich*, No. 15-DCR-070675.

of habeas corpus challenging a prison disciplinary proceeding must: (1) have lost previously accrued good-time credits as a result of the disciplinary proceeding; and (2) be eligible for release to mandatory supervision. *See Malchi*, 211 F.3d at 958.

Petitioner's conviction for aggravated sexual assault of a child makes him ineligible for release to mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(8) (stating an inmate may not be released to mandatory supervision if convicted of a first degree felony under Tex. Pen. Code § 22.021 (aggravated sexual assault)). Petitioner acknowledges he is not eligible for release to mandatory supervision. (*See* ECF 3 at 5). Because Petitioner has no protected liberty interest in any previously earned good-time credit, he cannot demonstrate a constitutional violation. Thus, Petitioner's Petition for a Writ of Habeas Corpus should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Petitioner's Petition for a Writ of Habeas Corpus be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 24, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the

fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).